# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | § § § § § | |
| Plaintiff, | | |
| v. | § § § | CIVIL ACTION NO. H-07-1474 |
| HILDA PATRICIA KVAALE and ANN K. LARSEN, | § § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This interpleader suit was filed by the UNUM Life Insurance Company of America to resolve conflicting claims to the proceeds of a life insurance policy covering Dean Ronald Kvaale. Hilda Patricia Kvaale, Dean Kvaale's ex-wife and the designated beneficiary, and Ann K. Larsen, Dean Kvaale's sister, asserted rights to the $29,489.42 policy proceeds after Dean Kvaale's death. Larsen asserts that Dean Kvaale's father, Leif Ronald Kvaale ("Ron Kvaale"), is entitled to the policy benefits. Larsen and Ron Kvaale have entered into an agreement to share Dean Kvaale's estate, including nonprobate assets.

Larsen filed an answer and counterclaim on June 14, 2007. (Docket Entry No. 4). Hilda Kvaale has not filed a formal answer but has submitted a letter to the court asserting that she was entitled to the policy proceeds. (Docket Entry No. 12). On February 12, 2008, UNUM was dismissed. (Docket Entry No. 18). Larsen has filed a motion for summary

judgment. (Docket Entry Nos. 19, 20). Hilda Kvaale failed to respond, and the time for filing a response has expired.

Based on the motion, the parties' submissions, and the applicable law, this court grants Larsen's motion for summary judgment. The reasons are set out in detail below.

**I.      Background**

The record includes the final decree of divorce between Dean and Hilda Kvaale and other family court documents, the settlement agreement between Larsen and Ron Kvaale about sharing Dean Kvaale's estate, letters from Larsen and Hilda Kvaale sent to this court, and the parties' stipulations. (Docket Entry Nos. 11, 12, 17, 20, Exs. A–F, I).

Dean Kvaale was employed by Lowe's Companies, Inc. Through his employment, Dean Kvaale was provided a welfare benefit plan that included a life insurance policy issued by UNUM.

The life insurance policy contains the following provision about designating a beneficiary:

> HOW DO YOU DESIGNATE OR CHANGE A BENEFICIARY?
> (Beneficiary Designation)
>
> At the time you become insured, you should name a beneficiary on your enrollment form for your death benefits under your life insurance. You may change your beneficiary at any time by filing a form approved by Unum with your Employer. The new beneficiary designation will be effective as of the date you sign that form. However, if we have taken any action or made any payment before your Employer receives that form, that change will not go into effect.
>
> It is important that you name a beneficiary and keep your designation current. If more than one beneficiary is named and you do not designate their order or

>share of payments, the beneficiaries will share equally. The share of a beneficiary who dies before you, or the share of a beneficiary who is disqualified, will pass to any surviving beneficiaries in the order you designated.
>
>If you do not name a beneficiary, or if all named beneficiaries do not survive you, or if your named beneficiary is disqualified, your death benefit will be paid to the first surviving family members of the family members in the order listed below:
>
>>-your spouse;
>>-your child or children;
>>-your mother or father; or
>>-your sisters or brothers.
>
>If none of the family members listed above are living, then your death benefit will be paid to your estate.

(Docket Entry No. 1 at 3–4).

On December 24, 2004, Dean Kvaale named Hilda Kvaale as his beneficiary. On August 16, 2005, Dean Kvaale and Hilda Kvaale divorced. In the divorce decree, Hilda Kvaale agreed to be "divested of all right, title, interest, and claim in and to . . . . The sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, KEOGH plan, pension plan, employee stock option plan, 401(k) plan, employee savings plan, accrued unpaid bonuses, disability plan, or other benefits existing by reason of the husband's past, present, or future employment." (Docket Entry No. 20, Ex. A at 2–3).

Dean Kvaale died on March 31, 2006. When he died, Dean Kvaale was not married and had no children. His mother was dead. Ron Kvaale is the first alternate beneficiary

3

under the policy.

In her letter to the court, dated October, 24, 2007, Hilda Kvaale stated that after she and Dean Kvaale divorced, he did not remove her name from his will, personal checking account, life insurance policy, or emergency contact information. After the divorce, Dean Kvaale told her that she would be taken care of because she was the beneficiary of his life insurance policy. She stated that they remained in close contact until his death . According to Hilda Kvaale, Dean Kvaale was estranged from both his sister and father. Hilda Kvaale stated that she and Dean Kvaale remained close until his death. (Docket Entry No. 12).

**II.     The Summary Judgment Standard**

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

If the burden of proof lies with the nonmoving party, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports the essential element or claim. *Celotex*, 477 U.S. at 330. While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Bourdeaux v. Swift Transp.*

4

*Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).  "An issue is material if its resolution could affect the outcome of the action." *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).  If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the nonmovant's response. *Baton Rouge Oil & Chem. Workers Union v. Exxon Mobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002).

When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the pleading allegations.  The nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim.  *Johnson v. Deep E. Texas Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 305 (5th Cir. 2004).  This burden is not satisfied by "some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994).

In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255.  "Rule 56 mandates the entry of summary judgment, after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

**III.   Analysis**

ERISA applies to the issues relating to the life insurance policy, including beneficiary determination. *See* 29 U.S.C. § 1002(1) (defining a "welfare plan" as one providing "medical . . . benefits, or benefits in the event of sickness, accident, disability, death or unemployment" for plan participants or their beneficiaries "through the purchase of insurance or otherwise"); *Brandon v. Travelers Ins. Co.*, 18 F.3d 1321, 1325 (5th Cir. 1994) (holding that "the designation of a beneficiary 'relates to' the provision of an ERISA plan to a sufficient degree to be preempted by that statute."). The Fifth Circuit has held that federal common law applies to determine whether the named beneficiary of a welfare plan governed by ERISA has waived her rights under the plan. *See Kennedy v. Plan Adm'r for DuPont Sav. and Inv. Plan*, 497 F.3d 426, 429 (5th Cir. 2007); *Guardian Life Ins. Co. of Am. v. Finch*, 395 F.3d 238, 240 (5th Cir. 2004); *Manning v. Hayes*, 212 F.3d 866, 871 (5th Cir. 2000). A waiver is valid if it is "explicit, voluntary and made in good faith." *Kennedy*, 497 F.3d at 429; *Finch*, 395 F.3d at 240; *Manning*, 212 F.3d at 871; *Clift v. Clift*, 210 F.3d 268, 269–70 (5th Cir. 2000); *Brandon*, 18 F.3d at 1325–27.

The issue presented in *Brandon v. Travelers Ins. Co.*, 18 F.3d 1321, is similar to the issue in this case. In *Brandon*, the court held that a decedent's ex-wife, who was the named beneficiary of an ERISA-governed life insurance policy, was not entitled to the policy proceeds because she waived them through a divorce decree. The divorce decree provided that "Petitioner [the decedent] is awarded the following as Petitioner's sole and separate property, and Respondent [the ex-wife] is divested of all rights, title, interest, and claim in and to such property . . . (8) Any and all sums, whether matured or unmatured, accrued or

unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights relating to any profit-sharing plan, retirement plan, pension plan, employee stock option plan, employee savings plan, accrued unpaid bonuses, or other benefit program existing by reason of Petitioner's past, present, or future employment." *Id.* at 1323. The court held that the waiver was "explicit, voluntary and made in good faith" regardless of whether the ex-wife knew about the specifics of the settlement, whether she was represented by a lawyer, or whether she was present at the divorce proceedings. *Id.* at 1327; *see also Finch*, 395 F.3d at 240 (finding that a decedent's ex-wife had executed a valid waiver of her rights under an ERISA-governed life insurance plan when she had voluntarily entered into an agreed divorce decree that awarded the decedent all "right, title, interest, and claim in and to" his life insurance policy).

The record in this case shows that when Hilda and Dean Kvaale divorced, Hilda Kvaale executed a valid waiver of her right to the proceeds from Dean Kvaale's life insurance plan. Hilda Kvaale was represented by counsel in the divorce; Dean Kvaale was not. In the divorce decree, Hilda Kvaale agreed to be "divested of all right, title, interest, and claim in and to . . . . The sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, KEOGH plan, pension plan, employee stock option plan, 401(k) plan, employee savings plan, accrued unpaid bonuses, disability plan, or other benefits existing by reason of the husband's past, present, or future employment." (Docket Entry No. 20, Ex. A at 2–3). This language is virtually identical to

the language the *Brandon* court found to be a valid waiver. Hilda Kvaale's assertions about her relationship with Dean Kvaale and his failure formally to change his will or life insurance policy to remove her as beneficiary does not raise a fact issue as to whether she waived any right to the life insurance proceeds.

A policy holder may redesignate a beneficiary who has waived her rights. *See Manning*, 212 F.3d at 874; *Brandon*, 18 F.3d at 1326. The life insurance policy requires that the designation of a beneficiary be made in writing. There is no evidence that Dean Kvaale complied with the policy requirements for redesignating Hilda Kvaale as a beneficiary following the divorce.

As the alternate beneficiary, Ron Kvaale is entitled to the proceeds from the life insurance plan. Under the agreement between Larsen and Ron Kvaale to share Dean Kvaale's estate, including nonprobate assets, Larsen and Dean Kvaale are each entitled to one-half of the life insurance proceeds. (Docket Entry No. 20, Ex. C).

**IV.     Conclusion**

Larsen's motion for summary judgment is granted. Final judgment is entered by separate order.

SIGNED on April 10, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge